It was formerly doubted whether counterfeiting writings inferior to deeds and wills was forgery at common law; (590) but it seems now to be settled that to counterfeit any writing with a fraudulent intent, whereby another may be prejudiced, is forgery at common law. 2 East Cr. Law, 359, 861; 2 L. Ray., 1461; 2 Str., 747. Accordingly, to counterfeit the letter set forth in this special verdict, with a fraudulent intent, is forgery at common law, because an injury might thereby accrue to the defendant. Suppose Tisdale had sued the defendant for money had and received to his use, this letter would be evidence against him; and although it does not specify any sum received by the defendant, yet it is proof that he received something, and might be the foundation of a verdict against him for a nominal amount, and subject him both to trouble and cost.
For these reasons I concur in the opinion that judgment should be rendered for the plaintiff.
HENDERSON, J., concurring, also.
PER CURIAM. No error.